POWERS v. COPE.

1. Where premises were leased for one year by rent contract, with the privilege at the tenant's option to retain them the following year at such price as any one else would give, and this option was exercised, the tenant giving his notes for the second year's rent and the contract for this year being otherwise in parol, it is a question for the jury, there being evidence on that subject, whether the parol contract embraced an agreement to apply certain terms of the previous rent contract to the second year's occupation or not.

2. A written contract in which the tenant stipulates to make all needful repairs at his own expense, "except the putting on of a new roof, new doors and new floors," exempts the landlord from making any repairs other than those expressly excepted, and even from making those unless they are needed and called for by the tenant. If no new roof be needed or called for, the fact that new valleys or gutters or some other repairs on the roof became necessary, would not charge the landlord. The phrase "new roof" is not ambiguous.

3. If repairs to the sidewalk were embraced in the tenant's undertaking, they would not be chargeable to the landlord, though made at the latter's request, and if they were not so embraced, as the landlord did not stipulate in the rent contract concerning them, they were not matter for set-off in resistance to a distress warrant for the rent, though the tenant might be entitled to maintain an action therefor.

4. There was evidence to warrant the verdict, and the court did not err in denying a new trial.        *Judgment affirmed.*

January 8, 1894.

Distress warrant.    Before Judge BARTLETT.    Bibb superior court.    April term, 1893.

Mrs. Cope's affidavit alleged, that Powers owed her $750 for rent of the described premises in Macon; that $150 of the same was due and unpaid; that the balance was not due but would become due in certain instalments; and that Powers was seeking to remove his goods from the premises.    Powers alleged by counter-affidavit as follows:    He does not owe plaintiff any sum for rent.    He rented the premises as a bar and to do business therein.    The house is wholly unfit for a business place, because it leaks so badly it affords very little protection from water during rain.    Because of this leakage his goods, carpets, etc., have been damaged $50, which is far more than the house is worth per month for rent; and he asks to recover this amount from plaintiff.    She has become liable to him on account of the leaky condition of the house $650, for he leased the house for three years with a view of using it for that time, has spent $650 in repairing the inside of the house, plastering, etc., in order to make it decent and suitable for a place of business, but on account of plaintiff's failure to keep the roof in proper condition it leaks so badly that all of said work has been destroyed, the plastering has fallen off and the wall-paper fallen loose, thus rendering the house unsightly and unfit for business.    He expended $22 on the sidewalk, by direction of the chief of police and the consent and request of plaintiff, which sum he asks to recover of her.    He gave her notice of the defective condition of the roof, but she neglected and refused to repair it.    He notified her that the floor and timbers under the floor were badly decayed and unfit for use; yet she refused to repair the

same, and he was compelled to put a new floor and new sleepers under it in order to make the house tenantable, which cost him $21, and which he seeks to recover. He was constructively evicted by plaintiff, because of her allowing the roof to become so leaky as to render the house untenantable, thus compelling him to leave the premises.

There was a verdict for plaintiff for $750, and defendant's motion for a new trial was overruled. The contract between the parties was a lease of the property for a year from September 1st, 1891, to September 1st, 1893(?). It stipulated that Powers would keep the storehouse and kitchen in good repair during the continuance of the lease, ordinary wear and tear excepted; it being declared and agreed by him that the property, at the time of the execution of the lease and at the time of the first occupation thereunder, was in good repair and condition; that he agreed "to do all the work, at his own expense and without any deduction from the rental price, necessary to keep in repair said building, including all the miscellaneous work on the doors, windows, locks, gas, water, fixtures, roof, &c., and to do all and every sort and kind of work to any extent whatever necessary and proper to keep the inside of said building in good repair, except the putting on of a new roof, new doors and new floors." It was further agreed therein that Powers should have the right to release the property for twelve months more, upon the expiration of this lease, provided he was willing to pay the same amount of rental that Mrs. Cope could obtain from any one else for the property.

The motion for new trial contains the following grounds:

1. The court charged: "If you believe from the evidence that it was understood and agreed between them, that the terms of the written contract for the year 1892,

ending August 1st, 1892, should also apply to the rent-
ing of the year from August, 1892, to August, 1893,
then the court charges you, that Mr. Powers agreed in
that contract to do all the work at his own expense,
without deduction from the rental, which was necessary
to keep the property in repair, including all miscellane-
ous work on doors, windows, locks, gas, water, fixtures,
&c., and to do all and every sort and kind of work to
any extent whatever necessary and proper to keep up
the inside of said building in good repair, except the
putting on of a new roof, new doors and new floor."
This was error, because it was simply a recital of the
work incorporated in the contract, and was calculated
to mislead the jury, a great many kinds of repairs be-
ing mentioned about which there was no contract; and
because the court did not explain to the jury how that
contract affected the issues on trial.

2. The court charged: "A new roof would not mean
the keeping of a portion of the roof in repair. A new roof
would [not] mean the stopping of the leaks in a gutter."
Error, in not going further and telling the jury what
was meant by the words "a new roof" as used in the
contract; in not charging in this connection that the
words "a new roof," as used in the contract, meant, if
new material was used, as if it became necessary to cut
out and put in a new valley, that would be a new roof
in the sense used in the contract, and it would be plain-
tiff's duty to have that done; defendant contending
that the valleys had so badly decayed that it was impos-
sible to repair them, and that in order to stop the leaks
it was necessary to put in a new valley. And the court
erred in construing the contract between the parties to
mean that a new roof meant an entire new roof, and in
not submitting to the jury to say whether the words "a
new roof" meant an entire new roof, or the use of new
material, as new tin, in repairing the roof; the words
"new roof" as used in the contract being ambiguous.

3. The court charged: "The court charges you, if you believe Powers fixed a sidewalk for Mrs. Cope from a notice from the chief of the police that she must fix it, that he cannot offset that against the claim for rent; he would have to resort to some other means; you will not consider any evidence then as to the amount paid out for the sidewalk." Error, because the item of fixing the sidewalk was fully pleaded and proved without objection.

4. Verdict contrary to law and evidence.

L. D. MOORE, by brief, for plaintiff in error.
ALEXANDER PROUDFIT, contra.